IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. No. 4:17-cr-01192-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Trevor Winfield Evins | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant, Trevor Winfield Evins's, Pro Se Motion for Compassionate Release seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and in the alternative, a judicial recommendation to the BOP that Mr. Evins be allowed to serve the maximum time permitted in home confinement or in a residential reentry center ("RRC"). ECF Nos. 90; 97 at 1. Counsel was appointed for Mr. Evins, who filed a Supplemental Motion for Compassionate Release, and the Government filed a Response in Opposition. ECF Nos. 91, 97, 100. For the reasons set forth below, the Motions are denied without prejudice.

**BACKGROUND**

On October 9, 2018, Mr. Evins pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF Nos. 63, 64. On February 8, 2019, he was sentenced to 110 months of imprisonment and three years of supervised release. ECF Nos. 79, 81. Mr. Evins filed a Pro Se Motion for Compassionate Release on June 30, 2022. ECF No. 90. On June 30, 2022, the Court appointed the Federal Public Defender's Office to represent Mr. Evins with respect to his Pro Se Motion for Compassionate Release. ECF No. 91. On August 22, 2022, counsel for Mr. Evins filed a Supplemental Motion for Compassionate Release, and on October

5, 2022, the Government filed a Response in Opposition. ECF Nos. 97, 100. Accordingly, Mr. Evins's Motions are now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Kibble*, 992 F.3d at 331 (4th Cir. 2021) (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

§ 3553(a) factors in light of the prisoner's extraordinary circumstances. *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

### *Exhaustion*

The First Step Act ("FSA") requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request." *Kibble*, 992 F.3d at 330 n.2. To properly exhaust a remedy in a motion for compassionate release before a court, an inmate must first present the same or a similar claim to the BOP. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("[I]n order to properly exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court.").

Here, Mr. Evins attached a letter to his Pro Se Motion for Compassionate Release requesting on April 5, 2022, that the BOP grant compassionate release based on legal error and "the need for [Mr. Evins] to be home as the primary [caregiver] for both of [his] elderly, disabled parents[,] who both have underlying health issues." ECF No. 90-2 at 2. The letter makes no mention of COVD-19, nor any concerns associated with COVID-19. On June 9, 2022, the Warden denied Mr. Evins's request. *Id.* at 1. Accordingly, the Court finds that Mr. Evins did not properly exhaust his administrative remedies on those grounds associated with COVID-19 but properly exhausted his administrative remedies on the

basis of family circumstances and continues to the merits of the Motions on those grounds specifically.

***Extraordinary and Compelling Reasons***

Mr. Evins requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on family circumstances, specifically the age and medical condition of his mother and father and their role in caring for his son. ECF No. 90 at 3. Mr. Evins contends that because his parents are elderly and both suffer from multiple health issues, they need Mr. Evins to return home and become their primary caregiver. *Id.* Mr. Evins also contends that his parents have cared for his son, Trevor, Jr., since he was four months old and often help with the care for his other children. ECF No. 97 at 9. Mr. Evins requests compassionate release so that he can assist his parents in the care and upbringing of Trevor, Jr. *Id.* at 10.

In contrast, the Government contends that Mr. Evins's family circumstances do not qualify as an extraordinary and compelling reason because Mr. Evins has allegedly failed to show that his parents are the only primary caregiver of Trevor, Jr. insofar that Mr. Evins has allegedly failed to show why other family members are unable to care for Mr. Evins's children. ECF No. 100 at 20. The Government contends that two of Mr. Evins's children currently live with their mother. *Id.*

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds that no extraordinary or compelling reason exists in this case under 18 U.S.C. § 3582(c)(1)(A)(i) to warrant a reduction of sentence. The United States Sentencing Guidelines acknowledge that extraordinary and compelling reasons may exist with respect to a defendant's family circumstances under the condition of "[t]he

death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(c)(i).  "[A]lthough the court is not bound by § 1B1.13 or the commentary thereto, the court views the commentary as informative of its analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate release."  *United States v. Labra*, CR. No. 4:15-CR-107 (1), 2021 WL 3376828, at *6 (E.D. Tex. Aug. 2, 2021); *see United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (noting that U.S.S.G. § 1B1.13 "remains helpful guidance even when motions are filed by defendants" (quoting *United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020))). The Program Statement defines "incapacitation" regarding the caregiver of the defendant's minor child or children as follows: "the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  Fed. Bur. of Prisons, Program Statement § 5050.50, http://www.bop.gov/policy/progstat/5050_050_EN.pdf, at 7 (last visited Oct. 18, 2023).

Here, in regard to the health of Mr. Evins's parents, the record only indicates that Mr. Evins's mother and father both suffer from multiple health conditions.  *See*  ECF No. 97 at 9–10.  Mr. Evins has failed to show that either his mother or father is incapacitated to the extent that they are rendered incapable of caring for Trevor, Jr. or that either parent suffers from a terminal illness that would warrant Mr. Evins's immediate release. Moreover, Mr. Evins has not established that there are no other family members who could care for Trevor, Jr., possibly including the mother.  Accordingly, Mr. Evins's Motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) are denied.

**18 U.S.C. § 3553(a) Factors**

Here, the Court finds that, even if Mr. Evins had demonstrated extraordinary and compelling circumstances, the factors enumerated in 18 U.S.C. § 3553(a) weigh against Mr. Evins's early release.[2] Mr. Evins has a criminal history category of VI, and the offense for which he is presently incarcerated involves illegal possession of a firearm and is serious in nature. ECF No. 70 at 24. Moreover, at the time of arrest, Mr. Evins engaged in a high-speed chase with law enforcement through a residential neighborhood, which created a danger to the public. ECF No. 70 at 5. Mr. Evins also has multiple disciplinary infractions while incarcerated. ECF No. 100 at 6–7; *see also* 18 U.S.C. § 3553(a)(1) (directing the court to consider "the history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(A) (addressing the need for the sentence "to reflect the seriousness of the offense"). While the Court commends Mr. Evins for his educational accomplishments while incarcerated, the Court nevertheless finds that early release in this case would create unwarranted sentence disparities among similar defendants. *See* 18 U.S.C. § 3553(a)(6) (directing the court to consider the need to avoid unwarranted sentence disparities among similarly situated defendants). Moreover, the Court finds that such an abbreviated sentence under these facts and circumstances would frustrate the adequacy of any deterrent effect upon the defendant and others. *See* 18 U.S.C.

---

[2] While it is necessary to first find that a sentence reduction is warranted by extraordinary and compelling circumstances in order to find the defendant eligible for such reduction, which, as explained above, are not present here, the Court will nevertheless address the factors under § 3553(a) out of an abundance of caution. *See High*, 997 F.3d at 186 ("[A] court may find a defendant who filed a motion eligible for a sentence reduction after finding only that such a reduction is warranted by extraordinary and compelling reasons, which are not statutorily detailed."); *see, e.g.*, *United States v. Teryaeva-Reed*, CR. No. 20-7655, 2022 WL 822167, at *2 (4th Cir. Mar. 18, 2022) (vacating and remanding the district court's order for a more complete explanation for the denial of defendant's motion for compassionate release, where the court did not explain whether it would have denied the motion based on the § 3553(a) factors).

§ 3553(a)(2)(B) (addressing the need for the sentence "to afford adequate deterrence to criminal conduct"). Accordingly, the Court finds that the § 3553(a) factors weigh against granting relief.

***Judicial Recommendation***

In the alternative to compassionate release, Mr. Evins requests that the Court make a recommendation to the BOP that he be placed in home detention or in a residential reentry center for the maximum time permitted. ECF No. 97 at 12. The Government opposes the request for a judicial recommendation because the BOP is best suited to make decisions regarding place of incarceration and should be given an opportunity to assess Mr. Evins's request before the Court makes any recommendation. *Id.* at 23.

The BOP has the sole authority to designate the place of a prisoner's imprisonment and may find a prisoner eligible to serve the final months of his term of imprisonment on home confinement or in a residential reentry center under certain conditions. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); 18 U.S.C. § 3624(c) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spend a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."); 18 U.S.C. § 3624(g) (detailing the prerelease custody program, including a list of the eligibility requirements). However, this Court lacks authority to *order* the BOP to designate a particular place of imprisonment for a prisoner to serve his sentence. *See United States v. Colleton*, CR. No. 2:09-cr-1084-DCN, 2020

WL 7352577, at *3 (D.S.C. Dec. 15, 2020) (citing *McCarson v. Reherman*, C.A. No. 2:20-01386-HMH-MGB, 2020 WL 2110770, at *2 (D.S.C. May 4, 2020) ("This court lacks authority to order home confinement because the authority to make placement decisions is vested solely with the BOP.").

Nevertheless, several federal district courts have determined that they have authority to make a post-sentencing non-binding recommendation to the BOP regarding a defendant's prerelease custodial placement.  *See, e.g.*, *United States v. Ferguson*, CR. No. 6:16-cr-00707-JMC-8, 2018 WL 5095149, at *3–4 (D.S.C. Oct. 19, 2018) (recommending that the BOP place a defendant in a residential reentry center or halfway house for the final 12 months of his sentence pursuant to 18 U.S.C. § 3621(b)); *United States v. Patterson*, CR. No. 2:00-cr-187, 2019 WL 127962, at *3 (E.D. Va. Jan. 8, 2019) (same).  In contrast, other courts have found that the BOP is in a superior position to evaluate a defendant's request and to determine the extent to which he should serve all or part of the end of his sentence under prerelease custody.  *See, e.g.*, *United States v. Smith*, CR. No. 6:15-cr-00006-001, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019) ("[T]he Court finds in this case that the BOP is in a superior position to evaluate Defendant's assertions and to determine the extent, if any, to which she should serve all or part of the end of her sentence in a[] [residential reentry center], or on home confinement."); *United States v. Somers*, CR. No. 3:15-cr-10, 2022 WL 5225934, at *3 (W.D. Va. Oct. 5, 2022) (same).

Here, the Court declines to make a judicial recommendation that Mr. Evins be placed in home confinement or in a residential reentry center.  In this case, the BOP is in

the best position to determine the appropriate location for custody. Accordingly, Mr. Evins's request for a judicial recommendation is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Pro Se Motion for Compassionate Release [90] and Supplemental Motion for Compassionate Release [97] are **DENIED WITHOUT PREJUDICE**. Mr. Evins is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 18, 2023
Spartanburg, South Carolina